IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

LONNIE REED; MARY ELIZABETH )
REED; and REBELSBYDESIGNUSA. )
COM LLC, d/b/a CLUB REWACO USA, )
                                             )
              Plaintiffs, )
                                             )
vs.                                               )   Case Number CIV-20-37-C
                                           )
HAROLD SCHMITZ and REWACO )
SPEZIALFAHRZEUGE GMBH, )
                                           )
              Defendants. )

<u>MEMORANDUM OPINION AND ORDER</u>

In 2018, Plaintiffs entered into an Importer Agreement with Defendant Rewaco, a German corporation, to become the exclusive U.S. distributor of Defendants' three-wheeled motor vehicles called trikes. Plaintiffs claim that they were fraudulently induced into signing the Importer Agreement and that the trikes they purchased were defective. Relying on a forum selection clause in the Importer Agreement, Defendants seek dismissal of Plaintiffs' Complaint based on the doctrine of *forum non conveniens*. In the alternative, Defendants seek dismissal based on a separate forum selection clause contained in documents other than the Importer Agreement they argue were incorporated by reference. Defendants also argue that dismissal based on lack of personal jurisdiction is warranted. Because the Court finds the forum selection clause located in the Importer Agreement to be dispositive, it is unnecessary to consider the other arguments raised by Defendants.

Because Defendants argue for enforcement of a forum selection clause that dictates proper forum in a foreign country, the Court must first determine if the forum selection clause is enforceable. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 423 (2007) (noting Court may bypass questions of subject-matter and personal jurisdiction, when a foreign forum may be the appropriate forum). If so, under the holding of Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 60 (2013), the Court must dismiss the action under the common law doctrine of *forum non conveniens*. In reaching its decision on the validity of the forum selection clause, the Court may consider not only the allegations of the Complaint but also affidavits and other evidence offered by the parties. See Martinez v. Bloomberg LP, 740 F.3d 211, 216 (2d Cir. 2014).

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). "[T]he forum clause should control absent a strong showing that it should be set aside." Id. at 15. Plaintiffs do not dispute this is the governing law. Nor do Plaintiffs dispute that the Importer Agreement they signed contains a forum selection clause that requires this dispute be litigated in Germany. Rather, Plaintiffs argue the clause cannot be enforced because it was obtained by fraud. Specifically, Plaintiffs assert that they directly told Defendants during the negotiations prior to entering the Importer Agreement that they would not agree to the forum selection clause found at § 16 of the Importer Agreement.

2

Plaintiffs argue they were assured that section had been removed from the document they signed.

In their Reply challenging Plaintiffs' arguments of fraud, Defendants note that it is undisputed that Plaintiffs signed the Importer Agreement including the forum selection clause and that Plaintiffs admit the Importer Agreement was emailed to them earlier in the day prior to signing. Defendants assert this establishes Plaintiffs had ample opportunity to read the document. Defendants direct the Court to Nowka v. West, 1919 OK 367, 186 P. 220 where the Oklahoma Supreme Court* stated:

> "Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived by the vendor's misrepresentations."

(citation omitted). Plaintiffs' argument that the signed Importer Agreement had been surreptitiously changed is unsupportable on the undisputed facts. Exhibit G to Plaintiffs' Response is purportedly the document they sent to Defendants. That document ends at § 13 which is entitled "Settlement of the Distribution Relationship." (See Dkt. No. 26, p. 36.) However, the version of the Importer Agreement signed by Plaintiffs ends with §17 which is entitled "Salvatorial Clause." (See Dkt. No. 7, p. 30.) The affidavit of Plaintiff Lonnie Reed makes clear that he is an experienced businessman with decades of experience in marketing and development of franchises. To find that he would not notice

---

\* In arguing the validity or invalidity of the forum selection clause, the parties both rely on Oklahoma law. The Court will do the same.

these differences and investigate further before signing the document strains belief. These facts cannot support a claim of fraud. As the Oklahoma Supreme Court noted in Sokolosky v. Tulsa Orthopaedic Assocs., Inc., Pension Tr. for Emp., 1977 OK 46, 566 P.2d 429, 431, where the truth or falsity of the alleged misrepresentation could have been ascertained with reasonable diligence, a claim for fraud will not lie. Additionally, this was not a negotiation between a sophisticated business entity and an innocent consumer. The evidence before the Court makes clear that the parties were of equal bargaining power when negotiating the terms of the Importer Agreement. "Generally, one who signs an agreement without full knowledge of its terms might be held to assume the risk that he has entered a one-sided bargain." (internal citation and quotation omitted). Been v. O.K. Indus., Inc., 495 F.3d 1217, 1237 (10th Cir. 2007). In short, the Court finds Plaintiffs cannot support their heavy burden of showing the forums selection clause was procured by fraud. Thus, the Court finds the forum selection clause is valid and enforceable and under the holding of Atlantic Marine, this action must be dismissed.

For the reasons set forth herein, Defendants' Special Appearance and Motion to Dismiss (Dkt. No. 7) is GRANTED. This matter is DISMISSED without prejudice. A separate judgment will issue.

IT IS SO ORDERED this 3rd day of April 2020.

ROBIN J. CAUTHRON
United States District Judge